UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NEDZAD KAHRIMANOVIC,<br><br>            Petitioner,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>            Respondent. | CASE NO. 2:25-cv-00919-LK<br><br>ORDER GRANTING STIPULATED MOTION TO STAY CERTIFICATION OF EXTRADITION |

      This matter comes before the Court on the parties' stipulated motion to stay the certification for Petitioner Nedzad Kahrimanovic's extradition pending this Court's review of his petition for a writ of habeas corpus. Dkt. No. 2. For the reasons explained below, the Court grants the motion.

      Mr. Kahrimanovic is a Bosnian immigrant who has been in the United States since 1997. Dkt. No. 1 at 5. From 1992 to 1997, he served as a member of Bosnian military forces who fought against Serbian forces in Yugoslavia's civil war. *Id.* at 7. According to Mr. Kahrimanovic, in April 1992, he killed a Serbian woman in self-defense after she threatened him with a hand grenade. *Id.* at 7–8. On July 4, 2014, the Prosecutor of Tuzla Canton in Bosnia filed an indictment criminally charging Mr. Kahrimanovic with a war crime in connection with that incident. *Id.* at 9. Mr. Kahrimanovic returned to Bosnia to be present for his legal proceedings, which he alleges were

flawed in many respects. *Id.* at 9–10. He now faces extradition to Bosnia to serve a five-year sentence. *Id.* at 4, 9–10. The United States seeks to extradite him based on a 1901 treaty with the Kingdom of Servia, which it claims applies to Bosnia as a successor state. *Id.* at 4, 14–20. Mr. Kahrimanovic opposes his extradition to Bosnia.

The United States filed a complaint seeking extradition in September 2024. *USA v. Kahrimanovic*, No. 2:24-mj-00573-BAT, Dkt. No. 1. On April 30, 2025, United States Magistrate Judge Brian A. Tsuchida issued a certification of extradition, finding the treaty applicable to Bosnia and sufficient probable cause for the war crime charge. *Id.*, Dkt. No. 67 at 15, 23.

On May 15, 2025, Mr. Kahrimanovic filed a petition for a writ of habeas corpus challenging Judge Tsuchida's order certifying extradition. Dkt. No. 1. That same day, he also filed this stipulated motion seeking to stay Judge Tsuchida's order certifying his extradition pending this Court's review and decision on the habeas petition. Dkt. No. 2. Although the United States does not believe a stay is necessary because the "Secretary [of State] will suspend review of Mr. Kahrimanovic's extradition and restart the review only if and when the district court denies the petition," it nonetheless "does not oppose the issuance of a stay pending the district court proceedings." *Id.* at 2.

In deciding whether to stay a federal court decision while review proceeds, on appeal or otherwise, courts consider the merits of the moving party's case, whether the moving party will suffer irreparable harm without a stay, whether a stay will injure other parties interested in the proceeding, and the public interest. *See Nken v. Holder*, 556 U.S. 418, 428 (2009); *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). The standard calls for a sliding scale approach to evaluating the factors, much like that required in deciding whether to grant a preliminary injunction or a temporary restraining order. *See Hilton*, 481 U.S. at 777–78 (explaining that stronger showings on some factors can offset weaker showings on others); *see also Al Otro Lado v. Wolf*, 952 F.3d 999,

1006 (9th Cir. 2020) (discussing sliding scale approach). For the following reasons, a stay is appropriate here to preserve the status quo while the Court reviews Mr. Kahrimanovic's habeas petition.

*Likelihood of success.* The Ninth Circuit has held in the immigration context that a petitioner must demonstrate "a substantial case for relief on the merits" to justify a stay. *Leiva-Perez v. Holder*, 640 F.3d 962, 968 (9th Cir. 2011). Subsequent cases in this circuit have applied the same standard to requests for stays in the extradition context. *See also Blasko v. Boyden*, No. 1:18-CV-01649-DAD-SAB (HC), 2022 WL 3969648, at *3 (E.D. Cal. Aug. 31, 2022); *Luna v. O'Keefe*, No. 5:17-cv-02129-LHK, 2018 WL 2197555, at *1 (N.D. Cal. May 14, 2018). The required showing falls somewhere between "a mere possibility of relief" and "ultimate success [being] probable." *Leiva-Perez*, 640 F.3d at 966–67. "[O]ther district courts in this Circuit have concluded that a showing that serious legal questions have been raised on appeal will satisfy the requirement of likelihood of success on the merits." *Blasko*, 2022 WL 3969648, at *6 (citing cases). Here, the Court is satisfied that this factor is met because the habeas petition raises serious legal questions involving Constitutional law, treaty interpretation, and international human rights obligations. Moreover, the remaining factors weigh strongly in favor of a stay.

*Irreparable injury.* Mr. Kahrimanovic risks irreparable harm if he is extradited and incarcerated before this Court can rule on his habeas petition, given his fragile and deteriorating health. Dkt. No. 2 at 2–3. And if he were to be extradited before the Court is able to rule on his petition, that would render the petition moot, which is also a form of irreparable injury. *See Manrique v. Kolc*, 65 F.4th 1037, 1041 (9th Cir. 2023) ("Irreparable injury is obvious: Once extradited, Toledo's appeal will be moot."); *Artukovic v. Rison*, 784 F.2d 1354, 1356 (9th Cir. 1986) (finding that a petitioner satisfied the irreparable harm factor because if the petitioner's stay motion was denied, the petitioner's "appeal will become moot and will be dismissed since the

ORDER GRANTING STIPULATED MOTION TO STAY CERTIFICATION OF EXTRADITION - 3

extradition will have been carried out").

***Substantial injury to other parties and whether a stay is in the public interest.*** The last two factors merge when the Government is the opposing party, *Leiva-Perez*, 640 F.3d at 970, and they strongly support a stay here. The Government has stipulated to the stay and has conceded that it will not be prejudiced by one, Dkt. No. 2 at 2–3, and a stay serves the public interest by ensuring that any extradition complies with the United States Constitution and international obligations.

For these reasons, the Court GRANTS the parties' stipulated motion for a stay. Dkt. No. 2. The Order certifying Mr. Kahrimanovic's extradition to Bosnia and Herzegovina (No. 2:24-mj-00573-BAT, Dkt. No. 67) is STAYED pending the conclusion of proceedings in this Court on Mr. Kahrimanovic's petition for a writ of habeas corpus. Within 14 days of the conclusion of proceedings on Mr. Kahrimanovic's petition for a writ of habeas corpus in the United States District Court, the parties will file a joint status report regarding the status of the stay imposed by this stipulation. Finally, the parties are ORDERED to file a joint proposed briefing schedule by May 23, 2025.

Dated this 17th day of May, 2025.

*Lauren King*

Lauren King
United States District Judge